## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

LAWRENCE FISHER and LESLEY EPSTEIN, )
)
           Plaintiffs, )
)
   -against- )
)
CAMBRIDGE Day Schools, Inc. and )
CAMBRIDGE Academies, Inc., )
)
           Defendants. )
)

**00-6120**

Case No.: _____

**CIV-ZLOCH**

**MAGISTRATE JUDGE
SELTZER**

### COMPLAINT AND JURY DEMAND

Plaintiffs, LAWRENCE FISHER and LESLEY EPSTEIN, complaining of the Defendants, allege as follows:

### NATURE OF THIS ACTION

1.     This action arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, and is combined with State Law claims alleging deceptive and unfair trade practices, misleading advertisements, and common law unfair competition. Defendants' use and/or planned use of the names CAMBRIDGE Academy, CAMBRIDGE Academies, CAMBRIDGE Day School, and/or other CAMBRIDGE marks and the domain names **cambridgeacademies.com** and **cambridgedayschool.com**, in connection with the advertising and providing of educational services to children from pre-kindergarten through the eighth grade: (i) is an infringement of Plaintiffs' Federally registered CAMBRIDGE Learning Centre service mark, 15 U.S.C. § 1114(1)(a); (ii) constitutes Federal unfair competition and the use in commerce of false designations of origin, 15 U.S.C. § 1125(a); (iii) with a bad faith intent to profit therefrom, constitutes the registration and use of domain names confusingly similar to Plaintiffs' Federally registered and common law service

-1-



marks CAMBRIDGE Learning Centre and CAMBRIDGE Academy; (iv) is a violation of the Florida Deceptive and Unfair Trade Practices Act, F.S.A. §§ 501.201-213; (v) constitutes the issuance of misleading advertisements in violation of F.S.A. §§ 817.06, 817.40-47; and (v) is unfair competition under the common law of the State of Florida.

## THE PARTIES

2.      Plaintiff, LAWRENCE FISHER ("Fisher"), is a Florida resident having a business address of 3111 University Drive, #720, Coral Springs, Florida 33065.

3.      Plaintiff, LESLEY EPSTEIN ("Epstein"), is a Florida resident having a business address of 3111 University Drive, #720, Coral Springs, Florida 33065.

4.      Upon Information and belief, Defendant, CAMBRIDGE Academies, Inc. ("CAI"), is a Delaware corporation having a business address of 8300 N.W. 53rd Street, #308, Miami, Florida 33165.

5.      Upon Information and belief, Defendant, CAMBRIDGE Day Schools, Inc. ("CDS"), is a Delaware corporation and corporate affiliate of Defendant CAI, having a business address of 1770 Massachusetts Avenue, Suite 212, Cambridge, Massachusetts 02140.

6.      Upon Information and belief, Defendants CAI and CDS are united in interest by common ownership, exercise of dominion and/or control.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and the principles of Supplemental Jurisdiction under 28 U.S.C. § 1367. Venue in this Court is proper pursuant to 28 U. S. C. §§ 1391(b) and (c).

-2-

8.      Upon information and belief, this Court has jurisdiction over the Defendants pursuant to F.S.A. § 48.193, in that Defendants (i) are operating, conducting, engaging in, and/or are carrying on a business or business venture in the State of Florida and/or have an office or agency in the State of Florida; (ii) are committing tortious acts within the State of Florida; (iii) own, use, and/or possess real property in the State of Florida; (iv) have caused and/or are causing injury to persons and/or property within the State of Florida arising out of Defendants' acts engaged in outside of the State of Florida, and at or about the time of the injury Defendants were engaged in the solicitation and/or providing of services in the State of Florida and/or Defendants processed, serviced, or produced products, materials, or things which have been and/or are being used or consumed within the State of Florida in the ordinary course of commerce, trade, or use; and/or (v) have engaged in substantial and not isolated activities in the State of Florida.

## BACKGROUND FACTS

### Plaintiffs' Service Mark Rights

9.      Plaintiffs Fisher and Epstein are the owners of the Federally registered service mark CAMBRIDGE Learning Centre for day care services. The generic phrase "Learning Centre" is disclaimed. U.S. Trademark Registration No. 1,683,354 for the CAMBRIDGE Learning Centre mark was issued on April 14, 1992. Copies of the registration certificate and documents showing the current ownership thereof are collectively attached hereto as Exhibit A.

10.     Fisher and Epstein, themselves and/or through licensees, have operated educational facilities in connection with the CAMBRIDGE marks in Florida continuously since 1989. Related company licensees of Fisher and Epstein have operated children's day schools and day care centers in South Florida, including specifically Coral Springs, Sunrise, Pembroke Pines, and Weston, in connection with the service marks CAMBRIDGE Learning Center and CAMBRIDGE Academy.

The CAMBRIDGE Academy now operating in Pembroke Pines, Florida is one such facility. Plaintiffs' CAMBRIDGE Learning Centre facility in Pembroke Pines is located a few blocks from a charter school facility which is operated by Defendants.

11.   In connection with the services Plaintiffs supervise and provide under their CAMBRIDGE marks, Plaintiffs also offer for sale and distribute imprinted t-shirts, shorts, uniforms, book bags, and other related promotional paraphernalia bearing the marks.

12.   As a result of this long, continuous usage and the considerable time, effort, expense, and the advertising and sale of products and services, Plaintiffs' CAMBRIDGE marks are and have become symbols of quality children's day care and learning services associated with businesses owned, operated, managed, and/or overseen by Fisher and Epstein.   Representative samples of advertising showing use of the CAMBRIDGE service marks are collectively attached hereto as Exhibit B.

Defendants' Infringing Activities

13.   It recently has come to Plaintiffs' attention that Defendants are planning to use and/or are beginning the use of the names CAMBRIDGE Academy, CAMBRIDGE Academies, CAMBRIDGE Day School and/or other CAMBRIDGE marks in connection with directly competitive educational services to children from pre-kindergarten through the eighth grade.

14.   Attached hereto as Exhibit C is a copy of Defendant CDS's application dated June 25, 1999 to register the fictitious name "Cambridge Academies" in Florida.   Attached hereto as Exhibit D are entries from the Dodge Report (a nationally recognized construction journal), showing that Defendant CAI is planning to build two facilities named "Cambridge Academy," one in Coral Springs, the other in Wellington.

-4-

15.    Attached as Exhibit E is a print-out of a web page located at the URL http: www.isminc.com pubs mart/!cds2.htm, sponsored by Independent School Management, entitled "Career Corner." The web page appears to be an advertisement on behalf of Cambridge Day Schools, seeking to fill the position of Vice President-Institutional Leadership. The advertisement states, in part:

> Cambridge Day Schools is a division of Cambridge Academies, Inc., a new organization that operates both charter and proprietary day schools across the U.S. Cambridge Day Schools is part of the cutting-edge national trend in education to privately fund new schools in response to the ever-increasing demand for high-quality education.
>
> Cambridge Day Schools will open its first two day schools in Coral Springs, FL, and Wellington, FL, in August 2000 and plans rapid growth thereafter. Each school will have enrollment of approximately 780 students in grades pre-K through 8. ....

16.    Attached as Exhibit F is a copy of a brochure entitled "An Invitation to Cambridge Day School, Pre-Kindergarten Through Eighth Grade." On the first page, the brochure states:

> Cambridge Day School offers a focused, high-quality education for students from Pre-Kindergarten (3 years old) through eighth grade.

On the second page, the brochure states:

> The Cambridge Day School campus is located at 9001 Westview Drive in the northern section of Coral Springs, just east of University Drive.

On the last page of text, the brochure states:

> The Admission Committee of Cambridge Day School is currently accepting applications for the 2000-2001 school year. ... For more information on Cambridge Day School or to receive an admissions packet and application, please return the attached card.

17.    Attached as Exhibit G is a copy of an article which appeared in the November 29, 1999 issue of the Ocala Star Banner. A passage from this article states:

> Cambridge Academies builds and manages several charter schools, including the Pembroke Pines charter elementary school and a middle school next door.

This passage is incorrect in a very important respect. The charter school referred to in the article is, and always has been, known as the Pembroke Pines Charter School. This charter school is located only several blocks from Fisher and Epstein's CAMBRIDGE ACADEMY facility in Pembroke Pines, Florida.

18.    Attached as Exhibits H and I are copies of Defendant's web sites located at the URLs ("Uniform    Resource    Locators")    **http://www.cambridgedayschool.com**    and **http://www.cambridgeacademies.com**. Attached collectively as Exhibit J are print-outs of WHOIS database queries for the domain names cambidgedayschool.com and cambridgeacademies.com. Both domain names are registered in the name of "Cambridge Academies." The home page of the cambridgedayschool.com web site states:

> Cambridge Day School offers a focused, high-quality education for children from Pre-Kindergarten (3 years old) through eighth grade. At Cambridge Day School, we create a caring environment in which students and teachers work together to strive for educational and personal excellence. We believe that children can best achieve their potential in a rigorous and challenging environment that features small class sizes and a strong faculty dedicated to individualized learning. Cambridge Day School is opening its Coral Springs campus in August 2000.

The information page of the cambridgeacademies.com web site states:

> Cambridge Academies' mission is to become the nation's premier provider of affordable, high-quality education for children from pre-school through eighth grade. Cambridge Academies offers students, parents and teachers a caring learning community focused on helping each student achieve his or her full potential.

> Cambridge Academies currently provides charter school development and management services for several charter schools in Florida, and is building its first high-quality independent Cambridge Day School in Coral Springs, Florida.

> Cambridge Academies' first charter schools, in Pembroke Pines, Florida, serve over 1,700 elementary and middle school students. The Pembroke Pines charter schools have experienced excellent academic results, and have substantial waiting lists to enter the schools.

-6-

Instances of Actual Confusion

19.    Although Defendants' activities connection with the CAMBRIDGE marks are very recent and no actual educational services have been provided in connection with the infringing marks, Fisher and Epstein have experienced the following instances of actual confusion between their CAMBRIDGE facilities, products, and services, and Defendants' recent, unauthorized uses of names employing the term CAMBRIDGE:

a.    Plaintiffs received a telephone inquiry from the owner of a preschool in South Florida who had read newspaper accounts of Defendants' activities.  The caller stated that, since Fisher and Epstein apparently were expanding their business to Wellington and elsewhere, Plaintiffs might consider buying the caller's school rather than opening up Plaintiffs' own school.  Fisher and Epstein have not announced any current plans to open a CAMBRIDGE school in Wellington.

b.    Plaintiffs received a telephone inquiry from a caller located in Ocala, Florida. The caller had read an article regarding Cambridge Academy, and believed to know one of the persons mentioned in the article.  The caller was attempting to locate Cambridge Academy, in order to contact the individual identified in the article, and was directed to Plaintiffs.  As mentioned above, reference to the Cambridge Academy in the Ocala article is to Defendants, not Plaintiffs.

c.    In June, 1999, Plaintiffs sold the physical facilities of CAMBRIDGE Learning Centre at Coral Springs to Wiles Road Learning Centre, Inc. ("Wiles").  Wiles thereafter changed the name of the facility to "Wyndham."

-7-

The contract contained a geographical non-compete clause. Approximately 30 days after the sale, Plaintiffs' counsel received a call from Wyndham's attorney, indicating that if Plaintiffs did not cease and desist from opening up a Cambridge Academy in Coral Springs, a lawsuit would be filed for breach of contract. Wyndham, apparently, had heard that Cambridge Academy was moving into Coral Springs. Knowing of Plaintiffs' operations, Wyndham assumed that this was another of Plaintiffs' schools opening for business. The Cambridge Academy of which Wyndham had heard was that of Defendants, not of Plaintiffs.

d.      Plaintiffs' supplier of playground equipment, recently forwarded to their attention an article from the Broward Section of the Miami Herald, which indicated that a new Cambridge Academy was opening in Coral Springs. This supplier assumed Plaintiffs were opening a new school in Coral Springs and hoped to do more business with them. The Cambridge Academy referred to in the Miami Herald article is that of Defendants, not of Plaintiffs.

e.      Fisher and Epstein have developed a business relationship with U.S. Construction Company that previously had built Plaintiffs' Weston, Florida facility. The owners of the construction company provided Fisher and Epstein with a copy of a report from a construction magazine, indicating that one of the Defendants was planning to open schools in Coral Springs and Wellington, Florida. The owners of U.S. Construction Company were disappointed that Plaintiffs had apparently planned the building of two schools without contacting them. The new construction projects planned for

-8-

Coral Springs and Wellington, Florida are those of Defendants, not of Plaintiffs.

f.  Recently, a parent contacted Fisher and Epstein, and informed Plaintiffs that a former employee of the Pembroke Pines Charter School quit his prior employment and was hired by Cambridge Academy. The parent was pleased to hear that this person would be working for Plaintiffs. The Cambridge Academy to which the parent was referring is the facility associated with Defendants, not Plaintiffs.

g.  While at Plaintiffs' Weston learning facility, another parent approached Plaintiff Epstein and indicated with pleasure that she was moving into the Cypress Head community located in Parkland, Florida, and that there would be a new Cambridge Learning Centre established in North Coral Springs. The Cambridge facility to which the parent was referring is the facility associated with Defendants, not Plaintiffs.

h.  Also recently, the Dell Computer Company delivered to Plaintiffs' offices packages containing computer equipment, believed to be printers. The packages were addressed to the attention of Mr. Michael Olkes, who is employed by Defendants.

20.  These instances of confusion will inevitably increase as the Defendants seek to begin their operations and expand their directly competitive activities in Plaintiffs' trading area.

21.  On November 4, 1999, Plaintiffs' counsel wrote to the Chairman of CDS, Mr. Octavio Visiedo, requesting that Defendants cease and desist from their improper actions. A copy of the November 4, 1999 letter is attached hereto as Exhibit K.

-9-

22.    An attorney representing CAI acknowledged receipt of Plaintiffs' November 4, 1999 letter on November 12, 1999. CAI's attorney substantively responded to Plaintiffs' November 4, 1999 letter on November 26, 1999. In the subsequent correspondence, Defendants refused to cease and desist from their complained of actions. Copies of Defendants' correspondence dated November 12 and 26, 1999 are collectively attached hereto as Exhibit L.

23.    Upon information and belief, Defendants began using and/or planned to use their infringing CAMBRIDGE names, and the domain names **cambridgeacademies.com** and **cambridgedayschool.com**, long subsequent both to Plaintiffs' first use of and registration of their CAMBRIDGE Learning Centre service mark.

24.    Defendants services and products are and/or will be promoted, offered, and/or sold under the infringing CAMBRIDGE names, and the domain names **cambridgeacademies.com** and **cambridgedayschool.com**, to the same target audience and customers as are the services and products promoted, offered, and sold under Plaintiffs' CAMBRIDGE service marks.

25.    Upon information and belief, Defendants' aforesaid uses and/or planned uses of the CAMBRIDGE names, and the domain names **cambridgeacademies.com** and **cambridgedayschool.com**, have been updated and carried on in a willful attempt to trade upon and dilute the goodwill of Plaintiffs' CAMBRIDGE service marks.

26.    Upon information and belief, Defendants' uses and/or planned uses of the infringing CAMBRIDGE names, and the domain names **cambridgeacademies.com** and **cambridgedayschool.com**, have irreparably damaged and are irreparably damaging to Plaintiffs' business, the goodwill in their service marks, and Plaintiffs' reputation as providers of quality childrens' day care services. Unless Defendants' uses of their infringing marks, names, domain names, and web sites are stopped, the damage to both Plaintiffs and the consuming public will be

irreversible.

## COUNT I
## INFRINGEMENT OF REGISTERED TRADEMARK

27.    Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 25 above.

28.    Defendants' activities constitute infringement of Plaintiffs' rights granted by virtue of Plaintiffs' United States Service Mark Registration for the CAMBRIDGE Learning Centre mark referred to above, in violation of Section 32(1) of the Trademark Act, 15 U.S.C. § 1114(1).

## COUNT II
## FEDERAL UNFAIR COMPETITION
## AND FALSE DESIGNATION OF ORIGIN

29.    Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 25 above.

30.    Defendants are using and/or are planning to use the names CAMBRIDGE Academy, CAMBRIDGE Academies, CAMBRIDGE Day School and/or other CAMBRIDGE names, and the domain names **cambridgeacademies.com** and **cambridgedayschool.com**, as service marks, trade names, domain names, and web site locators in a fashion that constitutes unfair competition and that is likely to cause confusion, mistake, or deception among customers and potential customers of Plaintiffs as to the affiliation, connection, or association of Plaintiffs with Defendants, or as to the origin, sponsorship, or approval of the goods and services provided by Defendants.

31.    The confusion, mistake, or deception referred to in paragraph 29 arises out of the unfairly competitive acts alleged above which also constitute false designations of origin as that phrase is used in Section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a).

## COUNT III
## CYBERPIRACY

32.    Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 25 above.

-11-

33.     With a bad faith intent to profit therefrom, Defendants registered and are presently using the domain names **cambridgeacademies.com** and **cambridgedayschool.com**, which are confusingly similar to, Plaintiffs' CAMBRIDGE Learning Centre and CAMBRIDGE Academy service marks.

34.     Defendants' aforesaid acts constitute cyberpiracy of Plaintiffs' trademarks, in violation of Section 43(d)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(d)(1).

## COUNT IV
## DECEPTIVE AND UNFAIR TRADE PRACTICES

35.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 25 above.

36.     Defendants' aforesaid acts are in violation of the Florida Deceptive and Unfair Trade Practices Act, F.S.A. §§ 501.201-213, insofar as Defendants' use and/or planned use of the names CAMBRIDGE Academy, CAMBRIDGE Academies, CAMBRIDGE Day School, and/or other CAMBRIDGE names, and the domain names **cambridgeacademies.com** and **cambridgedayschool.com**, as service marks, trade names, domain names, and web site locators constitute unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of Defendants' trade and commerce.

## COUNT V
## MISLEADING ADVERTISING

37.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 25 above.

38.     Defendants' aforesaid acts constitute misleading advertising, inducements in violation of F.S.A. §§ 817.06, 817.40-47. Defendants' use and/or planned use of the names CAMBRIDGE Academy, CAMBRIDGE Academies, CAMBRIDGE Day School, and/or other CAMBRIDGE names, and the domain names **cambridgeacademies.com** and **cambridgedayschool.com**, as service marks, trade names, domain names, and web site locators comprise and/or have been included within

-12-

statements made and/or disseminated, in oral, written, or printed form or otherwise, to or before the public, which Defendants knew, or through the exercise of reasonable care or investigation could or might have been able to ascertain, to be untrue or misleading, and which were made and so disseminated with the intent or purpose, either directly or indirectly, of selling products or services, and to induce the public to enter into obligations relating to such products and services.

**COUNT VI**
**COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION**

39.    Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 25 above.

40.    Defendants' aforesaid acts constitute infringement of Plaintiffs' common law and trade name rights in CAMBRIDGE Learning Centre and CAMBRIDGE Academy, and are likely to cause confusion, mistake, or deception among purchasers and potential purchasers of Defendants' goods and services as to the source or origin of these goods and services, in that purchasers are likely to believe that Defendants' products and services originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by Plaintiffs, in violation of the common law of the State of Florida.

41.    As to all of the above Counts, Defendants' aforesaid acts are greatly and irreparably damaging to Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court. Therefore, Plaintiffs are without an adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

A.    Defendants, their agents, servants, employees, franchisees, licensees, and attorneys, and all others in active concert or participation with Defendants, be enjoined and restrained, during the pendency of this action and permanently thereafter from:

-13-

1.    Using the names CAMBRIDGE Academy, CAMBRIDGE Academies, CAMBRIDGE Day School, or any other name inclusive of the word CAMBRIDGE, or using the domain names **cambridgeacademies.com** and **cambridgedayschool.com**, as service marks, trade names, domain names, and web site locators in connection with Defendants' business, goods, or services; and

2.    Doing any other act or thing likely to, or calculated to, induce the belief that Defendants or the Defendants' businesses, products, or services are in any way affiliated, connected or associated with Plaintiffs or Plaintiffs' products, services, or businesses.

B.    Defendants be required to immediately shut down their Internet web sites located at the URLs **http://www.cambridgedayschool.com** and  **http://www.cambridgeacademies.com**.

C.    Defendants be required to forever refrain from using any character strings employing "cambridge," as all or part of directory names, URLs for web sites, or other such Internet addresses, as telephone numbers, as hidden web site code, as links, key words for the retrieval of data or information through Internet search engines or directories, metatags, e-mail addresses, or other such electronic identifiers.

D.    Defendants be directed to refrain from using or registering any domain name(s), trade name(s) or mark(s) which contain(s) the term "cambridge," or any character string visually or phonetically similar thereto.

E.    The Court direct that Network Solutions, Inc. deposit the domain names **cambridgedayschool.com** and **cambridgeacademies.com** into the Registry of the Court.

F.    Defendants be required to immediately request Network Solutions, Inc. to cancel their **cambridgedayschool.com** and **cambridgeacademies.com** domain name registrations.

-14-

G.    The Court direct that Network Solutions, Inc. refrain from registering any domain name(s) to Defendants or their corporate affiliates which contain(s) the term or character string "cambridge"

H.    Defendants, their agents, servants, employees, franchisees, licensees, and attorneys and all others in active concert or participation with Defendants be required in accordance with Section 36 of the Trademark Act, 15 U. S. C. § 1118, to deliver up for destruction and/or obliterate all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the names or marks CAMBRIDGE Academy, CAMBRIDGE Academies and/or CAMBRIDGE Day School, or the domain names **cambridgeacademies.com** and **cambridgedayschool.com**, or any mark or name inclusive of the word CAMBRIDGE, or any other reproduction, counterfeit, copy or colorable imitation of Plaintiffs' CAMBRIDGE Learning Centre or CAMBRIDGE Academy marks, and all plates, molds, matrices and other means of making the same.

I.    Defendants be required to immediately notify in writing all print and electronic publishers, portals, and Internet search engines, and directories in which the Defendants' CAMBRIDGE Academy, CAMBRIDGE Academies and/or CAMBRIDGE Day School names have appeared or presently appear, to delete all references to these names from their public databases, search engine directories, directory assistance, and from all future directories in which said names are to appear, and to delete all forwarding or "cache memory" or storage mechanisms referencing such names.

J.    Defendants be required to completely cease communications with their customers, potential customers, suppliers, vendors, and all persons and companies who have done business or communicated with them under the names CAMBRIDGE Academy, CAMBRIDGE Academies,

CAMBRIDGE Day School, or any other mark or name inclusive of the word CAMBRIDGE.

K.    Defendants be required to immediately notify in writing all publications in which advertisements or other references to Defendants' CAMBRIDGE Academy, CAMBRIDGE Academies, CAMBRIDGE Day School business(es) have appeared or are scheduled to appear, directing them to immediately cancel all advertisements and references mentioning these names.

L.    Plaintiffs shall recover the Defendants' profits (including, but not limited to, the disgorgement of tuition fees) and the damages sustained by Plaintiffs due to Defendants' infringement of Plaintiffs' trademark rights (including, but not limited to, moneys necessary to pay for corrective advertising), plus interest, and that the amount of profits and damages be trebled in accordance with the provisions of Section 35 of the Trademark Act, 15 U.S.C. § 1117.

M.    Defendants be required to pay punitive damages to punish Defendants for their willful and reckless indifference to the rights of others exemplified by their willful infringement of Plaintiffs' marks and for the unfair competition practiced by Defendants against Plaintiffs.

N.    Defendants be required in accordance with Section 34 of the Trademark Act, 15 U.S.C. § 1116, to file with the Court and serve on Plaintiffs a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the Court's injunction.

O.    Defendants be required to pay to Plaintiffs the costs of this action, together with reasonable attorney's fees and disbursements.

P.      Plaintiffs have such other and further relief as this Court deems just and equitable.

                                      Respectfully submitted,

                                      FRANK, EFFMAN, WEINBERG,
                                        BLACK, P.A.

Dated: January 2ó, 2000          By:  _____
                                      Robert T. Slatoff (Fla. Bar # 816116)
                                      8000 Peters Road
                                      Plantation, Florida 33324
                                      Tel. (954) 474-8000
                                      Fax. (954) 474-9850
                                      E-mail: Rslatoff@fewb.com

                                      ATTORNEYS FOR PLAINTIFFS
                                      LAWRENCE FISHER and LESLEY EPSTEIN

Of Counsel:
Brian D. Anderson (Fla. Bar # 0285811)      Steven A. Weinberg (Fla. Bar # 367508)
Jonathan Hudis                              FRANK, EFFMAN, WEINBERG,
OBLON, SPIVAK, McCLELLAND,                    BLACK, P.A.
  MAIER & NEUSTADT, P.C.                     8000 Peters Road
1755 Jefferson Davis Highway                Plantation, Florida 33324
Arlington, Virginia 22202                   Tel. (954) 474-8000
Tel. (703) 413-3000                         Fax. (954) 474-9850
Fax. (703) 413-2220                         Sweinberg@fewb.com
E-mail: Banderson@oblon.com
        Jhudis@oblon.com

                                      -17-

## JURY DEMAND

Plaintiffs, pursuant to Rule 38, Fed.R.Civ.P., herein request a trial by jury for all issues so triable in this action.

Respectfully submitted,

FRANK, EFFMAN, WEINBERG,
   BLACK, P.A.

Dated: January ___, 2000          By: _____

Robert T. Slatoff (Fla. Bar # 816116)
8000 Peters Road
Plantation, Florida 33324
Tel. (954) 474-8000
Fax. (954) 474-9850
E-mail: Rslatoff@fewb.com

ATTORNEYS FOR PLAINTIFFS
LAWRENCE FISHER and LESLEY EPSTEIN

Of Counsel:

Brian D. Anderson (Fla. Bar # 0285811)
Jonathan Hudis
OBLON, SPIVAK, McCLELLAND,
   MAIER & NEUSTADT, P.C.
1755 Jefferson Davis Highway
Arlington, Virginia 22202
Tel. (703) 413-3000
Fax. (703) 413-2220
E-mail: Banderson@oblon.com
        Jhudis@oblon.com

Steven A. Weinberg (Fla. Bar # 367508)
FRANK, EFFMAN, WEINBERG,
   BLACK, P.A.
8000 Peters Road
Plantation, Florida 33324
Tel. (954) 474-8000
Fax. (954) 474-9850
Sweinberg@fewb.com

BDA/JH:kld {I:/atty JH/cambridge/106980001-cpl2.wpd}

-18-

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

## PLEASE REFER TO COURT FILE

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LAWRENCE FISHER AND LESLEY EPSTEIN

**DEFENDANTS**

CAMBRIDGE DAY SCHOOLS, INC.
CAMBRIDGE ACADEMIES, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Date and Middlesex
(IN U S PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF ... OLVED.

00-6120
CIV-ZLOCH
MAGISTRATE JUDGE
SELTZER

**(c)** ATTORNEYS (FIRM NAME ADDRESS, AND TELEPHONE NUMBER)
Robert T. Slatoff    9454-474-8000
8000 Peters Road, Plantation, FL 33324

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION     (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                          AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | x ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT     (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | X☒ 840 Trademark | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities Exchange |
| B☐ 153 Recovery of Overpayment of Veteran s Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | AC☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | AC☐ 791 Empl Ret Inc Security Act | | A OR B |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | A☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Registered Service Mark Infringement 15 USC Sec 1114(1); False Designation of Origin, 15 USC 1125(a), Cyberpiracy, 15 USC 1125(d); Deceptive & Unfair Trade Prac., FSA Secs 501.201-213; Misleading Advertising, FSA SEcs 817.06, 817.40-47, Common Law Infringement etc.

LENGTH OF TRIAL via _3_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** Damages costs, atty fees

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  x ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY     (See instructions)

JUDGE _____    DOCKET NUMBER _____

DATE
January 26, 2000

SIGNATURE OF ATTORNEY OF RECORD