IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LAWRENCE FISHER and LESLEY EPSTEIN,
    Plaintiffs,

Case No.: # 00-6120-CIV-ZLOCH

vs.

CAMBRIDGE Day Schools, Inc. and
CAMBRIDGE Academies, Inc.,

    Defendants.

_____

**PLAINTIFFS' NOTICE OF FILING DECLARATION OF LESLEY EPSTEIN**

Plaintiffs, through counsel, give notice of filing with the Clerk of the Court the following documents:

Declaration of Lesley Epstein.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of this Notice has been furnished by mail to: CHARLES L. SOLOMONT, ESQ., as Authorized Agent for Cambridge Academies, Inc. and Cambridge Day School, Inc., 150 Federal Street, Boston, Massachusetts 02110 on this 24 day of February, 2000.

FRANK, EFFMAN, WEINBERG & BLACK, P.A.

By: _____
Robert T. Slatoff (Fla. Bar # 816116)
7805 S. W. 6th Court
Plantation, Florida 33324
Tel. (954) 474-8000
Fax. (954) 474-9850
E-mail: Rslatoff@fewb.com
ATTORNEYS FOR PLAINTIFFS
LAWRENCE FISHER and LESLEY EPSTEIN

Case No.: # 00-6120-CIV-ZLOCH

---

Of Counsel:
Brian D. Anderson (Fla. Bar # 0285811)
Jonathan Hudis
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, P.C.
1755 Jefferson Davis Highway
Arlington, Virginia 22202
Tel. (703) 413-3000
Fax. (703) 413-2220
E-mail: Banderson@oblon.com
        Jhudis@oblon.com

Steven A. Weinberg (Fla. Bar # 367508)
FRANK, EFFMAN, WEINBERG & BLACK, P.A.
8000 Peters Road
Plantation, Florida 33324
Tel. (954) 474-8000
Fax:(954) 474-9850
Sweinberg@fewb.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 00-6120-CIV-ZLOCH

| | |
|---|---|
| LAWRENCE FISHER and LESLEY EPSTEIN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CAMBRIDGE Day Schools, Inc. and | ) |
| CAMBRIDGE Academies, Inc., | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF LESLEY EPSTEIN**

1. I am one of two Plaintiffs in this Action, am Co-owner of the CAMBRIDGE LEARNING CENTRE and CAMBRIDGE service marks and am the Executive Director of Cambridge Academy, Inc., a related company and trademark licensee, having a business address of 3111 University Drive, #720, Coral Springs, Florida 33065. In this capacity, I am thoroughly familiar with the facts surrounding the current and historic uses of the CAMBRIDGE marks in connection with educational services in South Florida.

2. I submit this Declaration in Support of Plaintiffs' Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

3. As set forth in the Complaint and the attached Motion for Preliminary Injunction, Plaintiffs are the owners of U.S. Trademark Registration No. 1,683,354, for the mark CAMBRIDGE LEARNING CENTRE.

4. The CAMBRIDGE mark has been used continuously since 1989 to identify educational facilities owned, operated, managed and/or licensed by myself and/or Lawrence Fisher. Using the names CAMBRIDGE Learning Centre, CAMBRIDGE Academy and CAMBRIDGE with other generic suffixes, these facilities, located in South Florida, are collectively known as the CAMBRIDGE Family of Schools.

5. Weston, located in Weston, Florida; and Cambridge Academy and Cambridge Learning Centre, both located in Pembroke Pines, Florida.

6. CAMBRIDGE has become a symbol of quality children's day care and learning services for pre-school through middle school aged children.

7. Since 1989, in excess of $650,000 has been spent in advertising and promoting the CAMBRIDGE mark. In order to further promote our educational facilities, we are in the process of establishing an Internet web site. I have reviewed the Exhibits attached to the Memorandum in Support of the Motion for Preliminary Injunction and they are accurate and representative of our historic promotion and advertising of the CAMBRIDGE mark.

8. During the late Summer of 1999, I became aware that Defendants were planning to use the names CAMBRIDGE ACADEMIES and CAMBRIDGE DAY SCHOOLS in South Florida in conjunction with directly competitive educational services and/or facilities for children from pre-kindergarten through the eighth grade.

9. Despite our written demand that they cease and desist any such plans, Defendants are currently promoting their educational facilities and services in connection with infringing CAMBRIDGE marks through mass and/or direct mailings, newspaper advertisements and through

the use of the "cambridgeacademies.com" and "cambridgedayschools.com" domain names on the Internet.

10. Defendants are currently engaged in the construction of a facility to be known as "Cambridge Day School." Defendants are undertaking the registration of pupils for this facility which is scheduled to open in August of 2000. See Exhibits E - I of Complaint.

11. The instances of actual confusion are set forth in paragraph 13 below and in the Complaint and Plaintiffs' Memorandum in Support of the Motion for Preliminary Injunction are known to me and have been accurately depicted in the afore-mentioned documents. Instances of confusion are increasing as Defendants continue their activities.

12. Failure to obtain preliminary relief, from this Court would, aside from aggravating the irreparable injury which has already been experienced by myself and Lawrence Fisher, cause further serious and prejudicial harm and public confusion. Such confusion undermines our rights to, and goodwill in, the CAMBRIDGE mark and otherwise harms us by a loss of enrollment revenues.

13. The following acts of confusion have taken place:

a. Plaintiffs received a telephone inquiry from the owner of a preschool in South Florida who had read newspaper accounts of Defendants' activities. The caller stated that, since Fisher and Epstein apparently were expanding their business to Wellington and elsewhere, Plaintiffs might consider buying the caller's school rather than opening up Plaintiffs' own school. Fisher and Epstein have not announced any current plans to open a CAMBRIDGE school in Wellington.

3

    b.    Plaintiffs received a telephone inquiry from a caller located in Ocala, Florida. The caller had read an article regarding Cambridge Academy, and believed to know one of the persons mentioned in the article. The caller was attempting to locate Cambridge Academy, in order to contact the individual identified in the article, and was directed to Plaintiffs. As mentioned above, reference to the Cambridge Academy in the Ocala article is to Defendants, not Plaintiffs.

    c.    In June, 1999, Plaintiffs sold the physical facilities of CAMBRIDGE Learning Centre at Coral Springs to Wyndham Learning Center, Inc. ("Wyndham"). The contract contained a geographical non-compete clause. Approximately 30 days after the sale, Plaintiffs' counsel received a call from Wyndham's attorney, indicating that if Plaintiffs did not cease and desist from opening up a Cambridge School in Coral Springs, a lawsuit would be filed for breach of contract. Wyndham, apparently, had heard that Cambridge Academy was moving into Coral Springs. Knowing of Plaintiffs' operations, Wyndham assumed that this was another of Plaintiffs' schools opening for business. The Cambridge Academy of which Wyndham had heard was that of Defendants, not of Plaintiffs.

    d.    Plaintiffs' supplier of playground equipment, recently forwarded to their attention an article from the Broward Section of the Miami Herald, which indicated that a new Cambridge Academy was opening in Coral Springs. This supplier assumed Plaintiffs were opening a new school in Coral Springs and hoped to do more business with them. The Cambridge Academy referred to in the Miami Herald article is that of Defendants, not of Plaintiffs.

e. Fisher and Epstein have developed a business relationship with U.S. Construction Company that previously had built Plaintiffs' Weston, Florida facility. The owners of the construction company provided Fisher and Epstein with a copy of a report from a construction magazine, indicating that one of the Defendants was planning to open schools in Coral Springs and Wellington, Florida. The owners of U.S. Construction Company were disappointed that Plaintiffs had apparently planned the building of two schools without contacting them. The new construction projects planned for Coral Springs and Wellington, Florida are those of Defendants, not of Plaintiffs.

f. Recently, a parent contacted Fisher and Epstein, and informed Plaintiffs that a former employee of the Pembroke Pines Charter School quit his prior employment and was hired by Cambridge Academy. The parent was pleased to hear that this person would be working for Plaintiffs. The Cambridge Academy to which the parent was referring is the facility associated with Defendants, not Plaintiffs.

g. While at Plaintiffs' Weston learning facility, another parent approached Plaintiff Epstein and indicated with pleasure that she was moving into the Cypress Head community located in Parkland, Florida, and that there would be a new Cambridge Learning Centre established in North Coral Springs. The Cambridge facility to which the parent was referring is the facility associated with Defendants, not Plaintiffs.

h.  Also recently, the Dell Computer Company delivered to Plaintiffs' offices packages containing computer equipment, believed to be printers. The packages were addressed to the attention of Mr. Michael Olkes, who is employed by Defendants.

I declare under the penalties that the foregoing is true and correct.

Executed this ___24___ day of February 2000.

_____
Lesley Epstein

H:\FEWB\C\Cambridge Learning Ctr\5531.012 Infridgement Action Against Cambridge Academy\Lawsuit\106980001-dec.wpd.revised epstein.wp