UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6120-CIV-ZLOCH

LAWRENCE FISHER and LESLEY
EPSTEIN,

    Plaintiffs,

vs.

CAMBRIDGE DAY SCHOOLS, INC.,
and CAMBRIDGE ACADEMIES, INC.

    Defendants.
_____/

**FINAL ORDER OF DISMISSAL
AS TO COUNTS IV & V**



FILED by _____ D.C.

FEB 28 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

    THIS MATTER is before the Court sua sponte and upon the Complaint (DE 1) filed herein by the Plaintiffs, Lawrence Fisher and Lesley Epstein. The Court has carefully reviewed said Complaint and is otherwise fully advised in the premises.

    In the Complaint herein, the Plaintiffs have asserted claims for trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1114 (Count I), for unfair competition and false designation of origin pursuant to the Lanham Act, 15 U.S.C. § 1125(a) (Count II), for cyberpiracy pursuant to the Lanham Act, 15 U.S.C. § 1125(d)(1) (Count III), for deceptive and unfair trade practices pursuant to Florida law (Count IV), for misleading advertising pursuant to Florida law (Count V), and for common law infringement and unfair competition pursuant to Florida law (Count VI). The basis for this Court's jurisdiction over said Complaint is 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 as to the Plaintiffs' federal claims, and 28 U.S.C. § 1367 as to the state law claims. 28 U.S.C. §



1367(a) provides that

> . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

It is clear that this Court has original jurisdiction over the federal law claims asserted in Counts I, II, and III pursuant to 28 U.S.C. §§ 1331 and 1338, and pursuant to 15 U.S.C. § 1121. After reviewing the Plaintiffs' Complaint herein, the Court finds that the state claims against the Defendants, as asserted in Counts IV, V, and VI are so related to the federal claims in the instant action that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Therefore, this Court has the authority to exercise supplemental jurisdiction over the state claims in the instant action.

Nevertheless, the Court's supplemental jurisdiction inquiry does not end here. In 1990, Congress codified the formally well-entrenched jurisdictional doctrine denominated as pendent and ancillary jurisdiction set forth in <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715 (1966). 28 U.S.C. § 1367 provides in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1) the claim raises a novel or complex issue of

>   state law, [or]
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . .

Applying 28 U.S.C. § 1367(c)(1) and (2), the Court finds that supplemental jurisdiction should not be exercised over the state claims in Counts IV and V because those claims present both novel and complex questions of state law which would also predominate over the federal claims present here.

The state claims for deceptive and unfair trade practices and for misleading advertising asserted by the Plaintiffs in Counts IV and V require completely different elements of proof wholly separate and distinct from the federal claims at issue.  The Court finds that such state claims would tend to dominate the federal claims and obscure the significance of the federal claims.  See Winn v. North American Philips Corp., 826 F. Supp. 1424, 1426 (S.D. Fla. 1993).  Therefore, the Court, pursuant to § 1367(c)(1) and (2), will exercise its discretion and **DISMISS**, without prejudice, the claims set forth in Counts IV and V, as such state law claims present both novel and complex questions of state law which would also predominate over the federal claims presented here.[1]

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Counts IV and V of the Plaintiffs,

---

[1] The Court directs Plaintiffs to 28 U.S.C. § 1367(d) which tolls the limitations period on these claims for thirty days, unless state law provides for a longer tolling period, so that the claims may be refiled in state court.

Lawrence Fisher and Lesley Epstein's Complaint be and the same are hereby **DISMISSED**, without prejudice, as this Court declines to exercise supplemental jurisdiction over the same.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of February, 2000.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Robert T. Slatoff, Esq.
Brian D. Anderson, Esq.
Jonathan Hudis, Esq.
For Plaintiffs

Charles L. Solomont, Esq.
For Defendants