IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 00-6120-CIV-ZLOCH

LAWRENCE FISHER and LESLEY EPSTEIN,

    Plaintiffs,

vs.

CAMBRIDGE DAY SCHOOLS, INC. and
CAMBRIDGE ACADEMIES, INC.,

    Defendants.

## PLAINTIFFS' MOTION FOR CLARIFICATION OF COURT'S ORDER SETTING EVIDENTIARY HEARING OR IN THE ALTERNATIVE PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY AND MEMORANDUM OF LAW INCORPORATED THEREIN

Plaintiffs, Lawrence Fisher and Lesley Epstein, through counsel, file this Motion for Clarification of the Court's Order Setting Evidentiary Hearing issued by this Court on March 10, 2000, or in the alternative, Motion for Limited Expedited Discovery and Memorandum of Law Incorporated therein, pursuant to Rule 26, Fed.R.Civ.P., and as grounds therefor state:

### BRIEF FACTUAL BACKGROUND

1. Plaintiffs have filed a trademark infringement action against Defendants. Plaintiffs operate educational facilities using the Cambridge marks in South Florida. They have done so for approximately fourteen (14) years.

2. Defendants are now constructing certain schools in the same territory as the Plaintiffs using Cambridge marks associated with their own schools. The result has been unfair competition,

1

Case No.: 00-6120-CIV-ZLOCH

the use of Plaintiffs' good will against them, actual confusion between the parties, and resulting loss of business.

## PROCEDURE HISTORY

3. Plaintiffs, in conjunction with their lawsuit in this action, filed a Motion for Preliminary Injunction on February 24, 2000. In response, Defendants filed a Motion for Expedited Discovery or to combine Plaintiffs' Motion for Preliminary Injunction with Trial on the Merits; the Court entered an Order on that Motion, that being the Court's Order Setting Evidentiary Hearing. The Court permitted certain expedited discovery to take place in this action through and including Monday, March 27, 2000, which is the same date that Defendants' Response to Plaintiffs' Motion for Preliminary Injunction is due. The Evidentiary Hearing has been scheduled for April 6, 2000 (A true copy of this Court's March 10, 2000 Order is attached hereto as Exhibit "A").

4. The Hearing that has been set by the Court is an Evidentiary Hearing, not solely based upon the Briefs and Declarations filed with the Court, and Defendants are taking expedited discovery; Plaintiffs should be entitled to limited reciprocal discovery. The proposed discovery is the form of a Requests for Production of documents and Deposition(s). The scope of the Requests for Production and Deposition(s), have been limited to narrow subject areas, that being the Defendants' knowledge of Plaintiffs' business affairs and use of the Cambridge marks, the Defendants' knowledge of actual confusion between the competing businesses, and information related to Defendants' unfair competition with Plaintiffs, i.e. the nature of Defendants' business, their business plans, market studies, and the number of students enrolled.

Case No.: 00-6120-CIV-ZLOCH

5. Attached as Exhibit "B" is Plaintiffs' First Request for Production of Documents and Things to Defendants. Attached as Exhibit "C" is a Notice of Deposition of Defendant, Cambridge Day Schools, Inc., commencing at 9:00 a.m. on March 22, 2000. Attached as Exhibit "D" is a Notice of Deposition of Defendant, Cambridge Academies, Inc., commencing immediately upon the conclusion of the Cambridge Day Schools, Inc.'s deposition on March 22, 2000 (if there are separate corporate representatives). [Exhibits "C", and "D" were filed with the Court on March 14, 2000].

6. As shown by the exchange of correspondence attached as Exhibits "E" and "F", the proposal for limited reciprocal discovery has previously been discussed between counsel, and counsel for Defendants have taken the position that Plaintiffs are not entitled to take discovery at this time.

7. Since the Defendants have the ability to take a vast amount of discovery, Plaintiffs' proposed limited discovery, will not interfere with the Court's previous Order, and will not affect the ability to go forward with the Hearing on the date as scheduled.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR EXPEDITED DISCOVERY**

8. Pursuant to Rule 26, Fed. R. Civ. P. (1999), the Court the has the discretion to shorten time for a party's response to discovery. Rule 26 (d), Fed. R. Civ. P., entitled "Timing and Sequence of Discovery," states that:

> Except when authorized under these rules or by local rule, order, or agreement of the parties, a party may not seek discovery from any source before the parties have met and conferred as required by subdivision (f). **Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise**, methods of discovery may be used in any sequence, and

Case No.: 00-6120-CIV-ZLOCH

> the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery [emphasis added].

The Court has "broad discretion in its resolution of discovery problems that arise in cases pending before it." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 788 (D.C. Cir. 1983). Thus, this Court has the discretion to order expedited discovery, if it is in the interests of justice, considering the nature of the evidentiary hearing which will occur shortly before the Court, and considering the burden of Plaintiffs when seeking a preliminary injunction.

9. Further, it is well settled that expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time. Fimab-Finanziaria v. Kitchen, 548 F.Supp 248, 249 (S.D. Fla. 1982). In Fimab-Finanziaria, the court granted plaintiff's motion expedited discovery where plaintiff claimed their well known trademark was being counterfeited and the source of the counterfeit products were unknown to the plaintiff. Id. Further it is the movant's burden to show that it will suffer "irreparable harm" and that granting of the motion "will not work a great hardship on the defendants." Pearce v. Southeast Banking Corp., 97 F.R.D. 535, 537 (S.D. Fla. 1983).

10. In the instant case, Plaintiffs are seeking preliminary injunctive relief, which would restrain Defendants from further using infringements of Plaintiffs' Cambridge marks during the pendency of this action. In Notaro v. Koch, 95 F.R.D. 403 (S.D. N.Y. 1982), the Court stated that a party moving for expedited discovery must demonstrate that: (1) the Plaintiffs will suffer irreparable injury; (2) a probability of success on the merits of the case; (3) some connection between expedited discovery and avoidance of irreparable injury; and (4) some evidence that injury that will result without expedited discovery "looms greater than injury that defendant will suffer"

4

Case No.: 00-6120-CIV-ZLOCH

if expedited relief is granted. Plaintiffs' Complaint, Motion for Preliminary Injunction and the evidence attached hereto, meet this required showing.

11. The Court already has determined that Defendants would be prejudiced if they were not able to conduct some expedited discovery in order to prepare for the evidentiary hearing on the Plaintiffs Motion for Preliminary Injunction. In light of the Court's scheduling of an Evidentiary Hearing, Plaintiffs may suffer irreperable injury if they are not entitled to similar limited expedited discovery.

11. Thus, the Court should exercise its discretion to clarify its March 10, 2000 Order, and allow Plaintiffs the opportunity to obtain information from Defendants' business for the purposes of the upcoming evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction.

WHEREFORE, Plaintiffs' request clarification of this Court's March 10, 2000 Order, clarifying that Plaintiffs are entitled to limited reciprocal discovery or the entry of a new Order granting the same

## CERTIFICATION OF GOOD FAITH

Counsel for the Moving Party certifies that counsel have conferred in a good faith effort to resolve the issues raised in the discovery Motion and have been unable to do so.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of this Notice has been furnished by Federal Express and by Facsimile to:   CHARLES L. SOLOMONT, ESQ., Bingham, Dana LLP, 150 Federal Street, Boston, Massachusetts  02110-1726 [Fax 617-951-8736] and to JOSEPH W.

Case No.: 00-6120-CIV-ZLOCH

BAIN, ESQ., Quarles & Brady LLP, 222 Lakeview Avenue, 4th Floor, West Palm Beach, Florida 33401 [Fax 561-653-5333]- Attorneys for Defendants, on this \_\_\_ day of March, 2000.

Respectfully submitted,

FRANK, EFFMAN, WEINBERG,
& BLACK, P.A.

By: _____
Robert T. Slatoff (Fla. Bar # 816116)
7805 S.W. 6th Court
Plantation, Florida 33324
Tel. (954) 474-8000
Fax. (954) 474-9850
E-mail: Rslatoff@fewb.com
ATTORNEYS FOR PLAINTIFFS
LAWRENCE FISHER and LESLEY EPSTEIN

Of Counsel:
Brian D. Anderson (Fla. Bar # 0285811)
Jonathan Hudis
Michael J. Leonard
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, P.C.
1755 Jefferson Davis Highway
Arlington, Virginia 22202
Tel. (703) 413-3000
Fax. (703) 413-2220
E-mail: Banderson@oblon.com
       Jhudis@oblon.com

Steven A. Weinberg (Fla. Bar # 367508)
FRANK, EFFMAN, WEINBERG,
& BLACK, P.A.
7805 S.W. 6th Court
Plantation, Florida 33324
Tel. (954) 474-8000
Fax. (954) 474-9850
Sweinberg@fewb.com

H:\FEWB\C\Cambridge Learning Ctr\5531.012 Infridgement Action
Against Cambridge Academy\Lawsuit\m for clarification

# ADDITIONAL ATTACHMENTS <u>NOT</u> SCANNED

PLEASE REFER TO COURT FILE