UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| LAWRENCE FISHER and LESLEY EPSTEIN, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) CIVIL ACTION NO. <br> ) 00-6120-CIV-ZLOCH |
| CAMBRIDGE DAY SCHOOLS, INC. and <br> CAMBRIDGE ACADEMIES, INC., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION OF COURT'S ORDER SETTING EVIDENTIARY HEARING AND PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY

Plaintiffs Lesley Epstein and Lawrence Fisher ("Plaintiffs") have truly undergone a remarkable change of heart. After first "vigorously oppos[ing]" *any* discovery prior to a hearing on preliminary injunction, and forcing defendants Cambridge Day Schools, Inc. and Cambridge Academies, Inc. ("CDS") to seek the assistance of this Court, Plaintiffs now insist that they must have a plethora of documents and the Rule 30(b)(6) depositions of both defendants or suffer some new-found prejudice. What's more, Plaintiffs insist that such discovery must occur during the same week CDS is to complete discovery and case assessment and draft its brief in opposition to Plaintiffs' motion for preliminary injunction.

In light of Plaintiffs' previously articulated position with regard to any pre-hearing discovery, and the extremely narrow timeframe within which CDS must finish its discovery and draft its opposition, CDS submits that Plaintiffs' sudden fascination with discovery is less than legitimate. CDS thus requests that this Court deny Plaintiffs' motion to take discovery or, in the alternative, extend the discovery period and require that any additional discovery not take place until after CDS's opposition brief has been filed on Monday, March 27, 2000.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiffs filed the instant action on January 25, 2000. Over one month later, on February 28, 2000, CDS received Plaintiffs' motion for preliminary injunction with attendant memorandum and declaration. At

LITDOCS:341685.1



no point during that month did Plaintiffs contact CDS to request any information, let alone to request formal discovery. The same day CDS received Plaintiffs' motion papers, CDS voluntarily and unilaterally stated its intention to cease use of the CAMBRIDGE ACADEMIES mark and asked that Plaintiffs either withdraw their motion for preliminary injunction or, at a bare minimum, allow CDS to take limited and expedited discovery on a few vital factual topics before being required to respond blindly to Plaintiffs' motion.

On March 1, 2000, in a letter attached hereto as *Exhibit A*, Plaintiffs refused to withdraw their motion, and rejected the notion that expedited discovery was necessary, except to offer a single deposition. At that time, Plaintiffs stated that "[a]n early hearing on our Motion will be sought and any expedited discovery requested of the Court by Defendants beyond that offered above will be vigorously opposed." *Id.* True to that threat, Plaintiffs did vigorously oppose any expedited discovery, stating with certainty that the evidence already before the Court was more than enough, and a hearing should be held without delay. In their opposition to CDS's request for expedited discovery, Plaintiffs asserted that no discovery was needed as they had "already presented a strong case of likelihood of confusion," that such confusion was "apparent," and that evidence of their use of the marks was "ample" based on the already submitted "evidence alone." *See* Plaintiffs' Memorandum in Opposition to Defendants' Motion for Expedited Discovery or to Combine Plaintiffs' Motion for Preliminary Injunction with Trial on the Merits, pp. 3 and 4.

It was only after the Court's March 10, 2000 Order entered that Plaintiffs' opinion began to change. Immediately after the order issued, Plaintiffs not only began demanding discovery but, amazingly, demanding that such discovery occur at the same time CDS was attempting to conduct its limited discovery *and* draft its brief in opposition to Plaintiffs' motion for preliminary injunction. Indeed, and without any authority of the Court to do so, on March 14, 2000, Plaintiffs served document requests and deposition notices upon CDS which demanded documents be produced in only *seven days* and witnesses two days thereafter.

In its response to these unauthorized and unreasonable requests, a true and accurate copy of which is attached hereto as *Exhibit B*, CDS stated:

> In less than two weeks, CDS must receive and review documents, conduct depositions, and draft its opposition brief. While CDS remains willing to discuss producing a witness *at any point after Monday, March 27, 2000*, given the present schedule, we are simply

> unable to agree to produce the documents and witnesses you requested *on the dates you have suggested.*

*Id.* (emphasis added). Indeed, CDS agreed not to oppose any motion for some reasonable amount of expedited discovery, provided that the motion also requested some extension of the schedule. *Id.* Plaintiffs response was to file the motion for discovery *sub judice.*

## PLAINTIFFS FAIL TO JUSTIFY THE DISCOVERY THEY REQUEST

Plaintiffs have failed to articulate any "unusual circumstances or conditions that would likely prejudice [Plaintiffs] if [they] were required to wait the normal time" before taking discovery. *Fimab-Finaziaria Maglificio Biellese Fratelli Fila S.p.A v. Kitchen,* 548 F. Supp. 248, 249 (S.D. Fla. 1982). Indeed, this very case cited by Plaintiffs illustrates the absence of the necessity to take expedited discovery. In *Fimab-Finaziaria,* the plaintiff moved the Court *ex parte* to allow depositions of the defendants to assure defendants would not "dump" counterfeit goods to an unknown third party. *Id.* at 249. There is no such exigency here—no threat of the kind of material prejudice that the plaintiff faced in *Fimab-Finaziaria. See also Notaro v. Koch,* 95 F.R.D. 403 (S.D.N.Y. 1982) (expedited discovery denied where plaintiffs failed to show "a 'valid, affirmative reason' for expedited discovery" including a showing of "irreparable injury").

Plaintiffs have waited too long, and turned down too many opportunities to take discovery, to justify granting discovery during the same few days CDS has to formulate its response to Plaintiffs' motion for preliminary injunction. Plaintiffs' claim that they meet the standard articulated in *Notaro* rings particularly hollow after they have already—and repeatedly—insisted that the Court should proceed with nothing more than Plaintiffs' complaint and preliminary injunction papers. Plaintiffs apparently felt there would be no "irreparable injury" from failing to request any information or discovery during the month between their complaint and their motion for preliminary injunction; Plaintiffs apparently felt there would be no "irreparable injury" from failing to request any discovery after their motion was filed; and Plaintiffs' opposition to CDS's motion for expedited discovery made clear their view that there would be no "irreparable injury" from aggressively opposing that motion rather than agreeing to discovery or even joining CDS in requesting time to conduct discovery. How can Plaintiffs possibly now claim that they will suffer any irreparable injury from a lack of discovery, let alone claim that this heretofore nonexistent injury will be remedied by the discovery Plaintiffs now seek? *Cf. Notaro,* 95 F.R.D. at 405.

The true purpose of Plaintiffs' last-minute cries for discovery seem particularly dubious given Plaintiffs' further demand that such discovery occur during the next week—the same week CDS is charged with finishing all document review, interviews and/or depositions, case assessment, and drafting. Again, the very authority cited by Plaintiffs underscores why their motion should be denied. Plaintiffs have not, and cannot, show that "irreparable injury looms greater than the injury to the defendant of expedited discovery." *Notaro,* 95 F.R.D. at 406. Plaintiffs have little to tip the scale in favor of discovery given their oft-repeated insistence that no further information was necessary. On the other hand, CDS must focus its attention for the next seven days on completing discovery and case assessment and drafting its opposition brief. There is certainly nothing in anything Plaintiffs have filed to date that would suggest a need for discovery so urgent that it cannot at least wait until after the April 6, 2000 hearing, let alone until after CDS has filed its brief a week from today. Plaintiffs fail to meet their own cited standard.

## CONCLUSION

Plaintiffs' own opposition to any pre-hearing discovery until a few days ago speaks volumes on the true merit and motive driving this recent about-face – to maximize the burden on CDS during the limited time provided it by the Court to prepare a defense to Plaintiffs' Motion for Preliminary Injunction. Therefore, and for the reasons stated above, CDS requests that this Court deny Plaintiffs' motion for expedited discovery or, in the alternative, enter an order re-scheduling the hearing on preliminary injunction and granting Plaintiffs some period within which to conduct the limited, expedited discovery previously requested.

Respectfully submitted,

CAMBRIDGE DAY SCHOOLS, INC. and
CAMBRIDGE ACADEMIES, INC.,

By their attorneys,

Joseph W. Bain, Florida Bar No. 860360
QUARLES & BRADY LLP
222 Lakeview Avenue, 4th Floor
West Palm Beach, Florida 33401
(561) 653-5000

*Of Counsel:*
Charles L. Solomont
Joshua M. Dalton
BINGHAM DANA LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: March 20, 2000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Robert T. Slatoff, Esq., Frank, Effman, Weinberg, & Black, P.A., 7805 S.W. 6th Court, Plantation, Florida 33324 and Brian D. Anderson, Esq., Oblon, Spivak, McClelland, Maier & Neustadt, P.C., 1755 Jefferson Davis Highway, Arlington, Virginia 22202, attorneys of record for plaintiffs, by Federal Express on March 20, 2000

Joseph W. Bain

OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, P.C.
ATTORNEYS AT LAW

FOURTH FLOOR
1755 JEFFERSON DAVIS HIGHWAY
ARLINGTON, VIRGINIA 22202 U.S.A.

(703) 413-3000
(703) 413-2220 FACSIMILE
OBLONPAT@OBLON.COM

WWW.OBLON.COM

PATENT, TRADEMARK AND COPYRIGHT LAW
AND RELATED ISSUES AND ITS LITIGATION

WRITER'S E-MAIL: SANDERSON@OBLON.COM
WRITER'S DIRECT DIAL: (703) 413-6453

March 1, 2000
**VIA FACSIMILE**

Charles L. Solomont, Esquire
BINGHAM DANA LLP
150 Federal Street
Boston, Massachusetts 02110-1726

Re: *Lawrence Fisher and Lesley Epstein
v. Cambridge Day Schools, Inc., et al.*
Mark: CAMBRIDGE
Case No. 00-6120
Your Ref: 5531-012
Our Ref.: 10698-0001-13

Dear Charles:

This is in reply to your letter of February 29, 2000 received in our office after close of business.

Both the scope of and schedule for the one sided discovery which you request are unacceptable. Although you set forth no reasons to doubt the veracity of the assertions in the pleading, the Motion papers or the Epstein Declaration, and completely ignore the ongoing harm to Plaintiffs during the significant delay this would involve in the hearing on our preliminary injunction motion, we offer the following as a compromise to your far ranging and protracted proposal.

We are willing to make Ms. Epstein available for a limited number of hours for a deposition on Monday, March 6, 2000 and we would agree to a limited extension of the deadline by which your papers in reply to our Motion would be due, until Friday, March 10, 2000, with our reply due five days thereafter if served by hand or eight days thereafter if served by mail.

We consider this proposal to be above and beyond what is required in view of the early notice given of the infringing conduct of Defendants and both the ongoing economic harm being suffered by Plaintiffs and the public generally from the resulting and ongoing confusion.



# EXHIBIT

"EXHIBIT A"


# BINGHAM DANA
LLP

150 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1726
TEL: (617) 951-8000
FAX: (617) 951-8736
www.bingham.com

BOSTON, NEW YORK, WASHINGTON,
LOS ANGELES, HARTFORD, LONDON
AND SINGAPORE

*Joshua M. Dalton*
*Direct Dial: 617-951-8284*

March 14, 2000

**VIA FACSIMILE**

Jonathan Hudis, Esq.
Oblon, Spivak, McClelland, Maier
 & Neustadt, P.C.
1755 Jefferson Davis Highway
4th Floor
Arlington, Virginia 22202

> Re: *Fisher, et al. ("Plaintiffs") v. Cambridge Days Schools, Inc., et al., ("CDS")* # 00-6120-CIV-ZLOCH

Dear Jonathan:

We have reviewed the discovery requests and deposition notices you sent today, as well as your recent e-mail.

As you know, the discovery now being conducted is pursuant to the Court's March 10, 2000 Order. In less than two weeks, CDS must receive and review documents, conduct depositions, and draft its opposition brief. While CDS remains willing to discuss producing a witness at any point after Monday, March 27, 2000, given the present schedule, we are simply unable to agree to produce the documents and witnesses you have requested on the dates you have suggested.

Should Plaintiffs wish to move the Court to extend the deadlines in this matter by some reasonable period for the purpose of conducting some additional, limited discovery, CDS would not oppose such a motion.

Thank you for your attention to this matter.

Very truly yours,

Joshua M. Dalton

JMD/smr
cc:  Robert T. Slatoff, Esq.
     Joseph W. Bain, Esq.

LITDOCS:341069.1

# EXHIBIT

"EXHIBIT B"