UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6120-CIV-ZLOCH



LAWRENCE FISHER and LESLEY
EPSTEIN,

      Plaintiffs,

vs.

CAMBRIDGE DAY SCHOOLS, INC.
and CAMBRIDGE ACADEMIES, INC.,

      Defendants.
_____/

**ORDER RESETTING**
**EVIDENTIARY HEARING**

    THIS MATTER is before the Court upon the Plaintiffs, Lawrence Fisher and Lesley Epstein's Motion For Clarification Of Court's Order Setting Evidentiary Hearing Or In The Alternative Plaintiff's Motion For Limited Expedited Discovery (DE 24). The Court has carefully considered the merits of said Motion and is otherwise fully advised in the premises.

    In the instant Motion, the Plaintiffs seek reciprocal expedited discovery in order to prepare for the April 6, 2000 evidentiary hearing on their Motion For Preliminary Injunction. Specifically, the Plaintiffs seek to depose the person with the most knowledge at Cambridge Day Schools, Inc. and Cambridge Academies, Inc. pursuant to Fed.R.Civ.P. 30(b)(6) (DE 24, attached Exh. C and D). The Plaintiffs also seek production of seven

categories of documents requested in the Plaintiffs' First Request For Production Of Documents And Things To Defendant, which was propounded on or about March 14, 2000 (DE 24, attached Exh. B). The Plaintiffs assert that, because the Preliminary Injunction Hearing is an evidentiary hearing, without the requested reciprocal expedited discovery, they will suffer irreparable injury. In their Opposition To Plaintiffs' Motion For Clarification Of Court's Order Setting Evidentiary Hearing And Plaintiffs' Motion For Limited Expedited Discovery (DE 26), the Defendants assert that they do not oppose allowing the Plaintiffs to engage in limited expedited discovery prior to the Preliminary Injunction Evidentiary Hearing so long as the hearing is re-scheduled to allow them time to meet the Plaintiffs' discovery requests.

The Court notes that it may permit expedited discovery where the requestor demonstrates a compelling need. To satisfy the requisite compelling need, a "plaintiff must demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without the expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." Notaro v. Koch, 95 F.R.D. 403, 405 (S.D. N.Y 1982). The Court finds that the Plaintiffs have meet this burden. Given the parties' need to engage in reciprocal

expedited discovery, however, the Court also finds that the Evidentiary Hearing currently set for April 6, 2000 should be reset to allow the parties to conduct the needed discovery.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Plaintiffs, Lawrence Fisher and Lesley Epstein's Motion For Clarification Of Court's Order Setting Evidentiary Hearing Or In The Alternative Plaintiff's Motion For Limited Expedited Discovery (DE 24) be and the same is hereby **GRANTED** to the extent that the Plaintiffs shall be permitted to conduct reciprocal expedited discovery limited to the two aforementioned depositions and the First Request For Production Of Documents And Things To Defendant;

2. The Plaintiffs' Motion For Preliminary Injunction (DE 8) be and the same is hereby **RESET** for an evidentiary hearing before this Court on Monday, April 17, 2000, at 2:00 p.m., before the Honorable William J. Zloch, in Courtroom A, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida. Each side shall have one hour to present its testimony and other evidence in support of and in opposition to said Motion.

3. The Plaintiffs shall have up to and including Wednesday, April 12, 2000 within which to file with the Clerk of this Court a Reply to the Defendants' Response to the Plaintiffs' Motion For Preliminary Injunction; and

4. In all other respects, the Plaintiffs' aforementioned Motion (DE 24) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _20th_ day of March, 2000.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　WILLIAM J. ZLOCH
　　　　　　　　　　　　　　　　　　　　United States District Judge

Copies furnished:

Robert Slatoff, Esq.
Brian Anderson, Esq.
Jonathan Hudis, Esq.
For Plaintiffs

Charles Solomont, Esq.
Joseph W. Bain, Esq.
For Defendants